IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARCELL SIMMONS                                                                              PLAINTIFF

VS.                                                                         CIVIL ACTION NO.4:07cv3-JCS

SANDRA ATWOOD, et al.                                                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on Defendants' motion for summary judgment. An order of reference to the undersigned was previously entered herein, and the parties have consented to exercise of jurisdiction by the undersigned. Plaintiff has not responded to the present motion. Having considered the motion, the court concludes that summary judgment should be granted in favor of Defendants.

Plaintiff is a convicted state inmate who during the relevant time period was incarcerated at East Mississippi Correctional Facility (EMCF). Defendant Sandra Atwood is a registered nurse and is the Health Services Administrator for EMCF. Defendants Bradi Proctor and Bobbie Edwards are registered nurses at the facility. Defendant Stephen Butler is an EMCF physician. Plaintiff brought the present section 1983 action alleging denial of medical treatment for ingrown hairs and/or bumps in his groin area. At the omnibus hearing, Plaintiff testified that he suffered from this condition when he first entered the MDOC system. At Central Mississippi Correctional Facility, where he was initially housed, a physician examined him but did not recommend any treatment. He was then transferred to Parchman, where a physician told him he had ingrown hairs and treated him with antibiotics and prescribed a topical cream. Plaintiff was transferred to

EMCF in December of 2005.  In early February of 2006, he submitted a request for medical treatment for this condition and was seen by Defendants Proctor and Atwood.  Accordingly, to Plaintiff Nurse Atwood stated that nothing could be done for Plaintiff's problem and refused to allow him to see a physician.   Four days later, however, he was seen by Dr. Butler, who prescribed a topical cream which he continues to use.  According to Plaintiff, Dr. Butler also told him that the "bumps" could be burned out, but that this would cost $30 per bump and that MDOC would not pay for this treatment.

In support of their motion for summary judgment, Defendants have submitted the affidavit of Defendant Atwood and Plaintiff's medical records from EMCF.  These documents reveal that Plaintiff has been seen and treated by medical personnel for this condition on a frequent basis.  The records show examinations and treatment by Dr. Butler for Plaintiff's complaints of discomfort in the groin area in May, July, August, October and December of 2006 and in May, June, August, September and November of 2007.  He has received medication, including steroid, antibiotic, and antifungal creams, on nearly a continuing basis during this period.  Furthermore, he was referred to and seen by an outside dermatologist in July of 2007 and had another appointment scheduled at the time the present motion was filed.

Where the wrong complained of is a denial of medical treatment, a prisoner must establish deliberate indifference to serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  Proof of deliberate indifference requires the prisoner to show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."

*Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  Plaintiff has come forward with no evidence of such conduct on the part of Defendantst. Plaintiff merely disagrees with the treatment he has received and the treatment's failure to completely cure his condition.  "[A]n inmate's mere disagreement with the course of medical treatment does not give rise to a constitutional claim." *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

For these reasons, the court concludes that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law.  A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 26th day of September, 2008.

/s/ James C. Sumner
UNITED STATES MAGISTRATE JUDGE